**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CARLOS ALBERTO GONZALEZ, | ) | NO. CV 17-5402-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on July 21, 2017, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 16, 2017. Plaintiff filed a motion for summary judgment on December 6, 2017. Defendant filed a motion for summary judgment on January 5, 2018. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed July 26, 2017.

///
///

**BACKGROUND**

Plaintiff asserted disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 36-170, 184-353). The Administrative Law Judge ("ALJ") found that, despite severe impairments, Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 43). A vocational expert testified that a person of Plaintiff's age, educational background, experience and exertional capacity can perform jobs existing in significant numbers in the national economy, including the jobs of "parking lot cashier," "production assembler" and "cleaner and polisher" (A.R. 65-68). In the administrative proceeding, counsel for Plaintiff did not challenge the vocational expert's testimony that a person with Plaintiff's educational background (11th grade) can perform these jobs (A.R. 68).

In finding Plaintiff not disabled, the ALJ stated that "jobs exist in significant number[s] in the national economy that [Plaintiff] can perform, including those identified by the vocational expert (production assembler, parking lot cashier, cleaner/polisher)" (A.R. 43). The Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v.

Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007); see also <u>Brewes v. Commissioner</u>, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

<u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from
///
///
///

3

material[1] legal error.

As indicated above, the vocational expert testified that a person having Plaintiff's educational background and residual functional capacity can perform particular jobs existing in significant numbers in the national economy. "[A]t least in the absence of any contrary evidence, a VE's [vocational expert's] testimony is one type of job information that is regarded as inherently reliable. . . ." Buck v. Berryhill, 869 F.3d 1040, 1051 (9th Cir. 2017); see Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required"). An ALJ properly may rely on vocational expert testimony identifying jobs a claimant can perform. See Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Such testimony can furnish substantial evidence to support an ALJ's determination that a claimant is not disabled. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989).

As indicated above, Plaintiff failed to challenge the vocational expert's testimony during the administrative proceeding. Plaintiff also failed to present any vocational evidence during the administrative proceeding. In this Court, however, Plaintiff argues that Plaintiff cannot perform the jobs of "production assembler" or "cleaner and polisher" because Plaintiff's formal education ended

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

after the 11th grade rather than after the 12th grade.  According to
Plaintiff's interpretation of the "Occupational Outlook Handbook"
("OOH"), the "typical entry level education" of workers in the jobs of
"production assembler" and "cleaner and polisher" is "high school
diploma or equivalent."  From this interpretation, Plaintiff appears
to argue that:  (a) the vocational expert's testimony conflicted with
the information in the OOH; (b) the ALJ erred by relying on the
vocational expert's testimony without further inquiry; and (c) because
of this error, the ALJ's non-disability determination lacks
substantial supporting evidence.

   Plaintiff's argument fails for three independently sufficient
reasons.  First, Plaintiff waived the argument by failing to challenge
the vocational expert's testimony during the administrative
proceeding.  In Shaibi v. Berryhill, 870 F.3d 874, 881 (9th Cir. 2017)
("Shaibi"), the Ninth Circuit held that:

>   when a claimant fails entirely to challenge a vocational
>   expert's job numbers during administrative proceedings
>   before the agency, the claimant waives such a challenge on
>   appeal, at least when that claimant is represented by
>   counsel.  Specifically, our holding encompasses challenges
>   based on an alleged conflict with alternative job numbers
>   gleaned from the [County Business Patterns] or the OOH.

Id.; see also Simpson v. Berryhill, 2017 WL 5643198, at *2 (9th Cir.
Nov. 24, 2017) (plaintiff's argument that the ALJ should have taken
administrative notice of "vocational evidence in sources other than

the DOT [Dictionary of Occupational Titles]" deemed waived by the plaintiff's failure to make the argument during the administrative proceeding). The waiver rule established in Shaibi applies not only to arguments concerning conflicts in the numbers of jobs, but also to arguments concerning other conflicts between vocational expert testimony and information contained in non-DOT vocational sources. See Hocking v. Berryhill, 2017 WL 6541858, at *2-3 (C.D. Cal. Dec. 21, 2017) (applying Shaibi to conclude that the plaintiff waived the issue of an alleged conflict between the OOH and the vocational expert's testimony that a person with an 11th grade education could perform the identified jobs); George v. Berryhill, 2017 WL 1709599, at *13 (C.D. Cal. April 30, 2017) (OOH-based argument that plaintiff's third grade education precluded the performance of jobs identified by the vocational expert waived by failure to make the argument during the administrative proceeding); Gandara v. Berryhill, 2017 WL 4181091, at *4 (E.D. Cal. Sept. 20, 2017) (OOH-based argument that jobs identified by the vocational expert required a high school education waived by failure to make the argument during the administrative proceeding).

Second, even if not waived, Plaintiff's argument would fail to demonstrate material error because an ALJ is under no obligation to consult the OOH or to attempt to reconcile conflicts between the OOH and vocational expert testimony. See Shaibi, 870 F.3d at 882 ("we can find no case, regulation, or statute suggesting that an ALJ must sua sponte take administrative notice of economic data in the CBP or the OOH. It is true that an ALJ is required to investigate and resolve any apparent conflict between the [vocational expert's] testimony and the DOT . . . [b]ut Shaibi cites to no authority suggesting that the

same is true for the CBP and OOH"); Hocking v. Berryhill, 2017 WL 6541858, at *4 ("Contrary to Plaintiff's argument, an ALJ simply has no independent obligation to investigate or resolve conflicts with the OOH, or any resource other than the DOT (and its companion, the SCO)"); Markell v. Berryhill, 2017 WL 6316825, at *11 (N.D. Cal. Dec. 11, 2017) ("As with the DOT, the Commissioner takes administrative notice of the OOH. 20 C.F.R. §416.966(d)(5). But the OOH is not binding; rather, the regulations simply identify the OOH as an example of materials the Commissioner may consider") (citations and quotations omitted); Paris v. Berryhill, 2017 WL 4181093, at *3-4 (E.D. Cal. Sept. 20, 2017) (Shaibi held that the OOH does not stand on the "same footing" as the DOT; the ALJ has no duty to inquire into an asserted conflict between the OOH's alleged requirement of a high school education and the vocational expert's testimony that a person of limited education could perform the identified jobs); Meza v. Berryhill, 2017 WL 3298461, at *8 (C.D. Cal. Aug. 2, 2017) (same); Walker v. Berryhill, 2017 WL 1097171, at *4 (C.D. Cal. March 23, 2017) (ALJ has no obligation to inquire into alleged conflicts between the OOH and vocational expert testimony); see also Poe v. Commissioner, 342 Fed. App'x 149, 158 (6th Cir. Aug. 18, 2009) ("Social Security ruling (SSR) 00-4p only requires the ALJ to elicit a reasonable explanation when there is conflict between the vocational expert and the DOT. . . . The ruling does not require that the ALJ attempt to address or resolve conflicts between the testimony of a vocational expert and the Occupational Outlook Handbook"). Therefore, even if there existed a conflict in the present case between the vocational expert's testimony and the OOH, the ALJ properly could rely on the vocational expert's testimony without further inquiry or explanation.

See, e.g., Philbrook v. Berryhill, 2017 WL 3671569, at *2 (C.D. Cal. Aug. 24, 2017) (vocational expert's testimony constitutes "substantial evidence" even when the testimony conflicts with information in the OOH); see generally Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (the court "leaves it to the ALJ" to resolve conflicts and ambiguities in the evidence); Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (court must uphold the Administrative decision when the evidence "is susceptible to more than one rational interpretation").

Third, Plaintiff's argument also fails because there is no "obvious or apparent" conflict between the vocational expert's testimony and the information in the OOH. For a difference between a vocational expert's testimony and information in the DOT "to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). If, contrary to Shaibi, the OOH were on equal footing with the DOT, the same requirement of an "obvious or apparent" conflict presumably would apply. In the present case, there was no "obvious or apparent" conflict between the vocational expert's testimony that a person with an 11th grade education can perform the identified jobs and the information in the OOH that the "typical entry level education" for workers in these jobs is "high school diploma or equivalent." See Hocking v. Berryhill, 2017 WL 6541858, at *4 n.4 ("The OOH states that receptionists 'typically need a high school diploma or equivalent.' . . . It does not state that a high school diploma is required"); Losoya v. Berryhill, 2017 WL 4564701, at *6 (C.D. Cal. Oct. 11, 2017) (OOH information that typical entry level education is high school

diploma or equivalent not in conflict with vocational expert testimony that a person having 11 years of schooling can perform the identified job); Walker v. Berryhill, 2017 WL 1097171, at *4 (same).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 17, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff argues, and Defendant concedes, that the ALJ erred in finding that Plaintiff can perform the "parking lot cashier" job. For the reasons discussed herein, however, such error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination"); Whittington v. Berryhill, 2017 WL 3193649, at *10 (D. Nev. July 27, 2017) (error concerning one identified job harmless where the "ALJ properly identified two other jobs available in significant numbers in the national economy Plaintiff could perform").